## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANTHONY BROWN, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0686-CVE-PJC** |
| | ) | |
| **JAMES RUDEK, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 12). In response to the motion to dismiss, Petitioner, a state inmate represented by counsel, claims that the issues raised in the petition are exhausted. See Dkt. # 14. For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be denied. Respondent shall file a response to the petition.

As a preliminary matter, the Court notes that in the motion to dismiss (Dkt. # 12), counsel for Respondent asserts that the proper respondent in this action is James Rudek, the current warden at the Oklahoma State Reformatory. See Rule 2(a), Rules Governing Section 2254 Cases. The Court agrees. Therefore, the Clerk of Court shall be directed to substitute James Rudek, Warden, as the party respondent in place of Greg Williams, Warden. See Fed. R. Civ. P. 25(d).

### BACKGROUND

The record provided by Respondent indicates that Petitioner was convicted by a jury of Unlawful Possession of a Controlled Dangerous Substance (Cocaine base), After Two or More Prior Felony Convictions, in Tulsa County District Court, Case No. CF-2007-409. In accordance with

the jury's recommendation, the trial court judge sentenced him to life imprisonment.  Petitioner was represented at trial by attorney Brian Martin.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA").  Represented on appeal by attorneys Jack A. Martin and Gerald J. Lovoi, Petitioner raised seven (7) propositions of error, as follows:

1. Trial court erred in failing to exclude alleged statements illegally obtained and presented at trial and the State presented insufficient evidence to support a conviction for unlawful possession of a controlled dangerous substance in violation of the due process clause of the federal and state constitutions by basing a conviction on circumstantial evidence not excluding other reasonable hypothesis.

2. The State conducted such misconduct in concealing required exculpatory information production from the defense as well as a failure to disclose that state witness Kimberly Sanders' testimony was exchanged for favorable treatment by the State as to result in such extreme prejudice as to deny the Appellant his due process rights to a fair trial.

3. The court erred in allowing the introduction of alleged voluntary statements attributed to the Appellant by accomplice Kimberly Sanders without proper instruction and when such testimony was clearly impeached, found inherently contradictory, and unbelievable resulting in a fatal prejudice to Appellant, denying him due process and a verdict based on less than guilt beyond a reasonable doubt.

4. The trial court committed reversible error by misstating the law in giving its instruction to the jury as to determining when corroboration by accomplice is sufficient.

5. The court erred in not sustaining a directed verdict of not guilty as to the charge of unlawful possession of a controlled dangerous substance and unlawful possession of marijuana, second offense, as to the Appellant in the face of admissions by Ms. Sanders, lack of evidence against the Appellant, and impeachment of the State's evidence which refuted a finding of the essential elements of the crime beyond a reasonable doubt.

6. Defense trial counsel provided ineffective assistance of counsel by failing to subject critical evidence potentially determinative of guilt or innocence to forensic testing, segregate the trial and sentencing phases of the trial, subject the prosecutorial evidence and witnesses to meaningful adversarial testing, and other cumulative errors prejudicing the Appellant.

2

       7.      Trial errors and prosecutorial misconduct cumulatively denied Mr. Brown his right to due process and a fundamentally fair trial.

<u>See</u> Dkt. # 13, Ex. 1.  By Order filed July 25, 2008, the OCCA rejected the claims and affirmed the judgments and sentences of the trial court.  (Dkt. # 13, Ex. 3).  Petitioner did not seek post-conviction relief prior to filing his federal petition for writ of habeas corpus.

On April 25, 2006, Petitioner, represented by attorney Richard Scott Adams, filed his federal petition for writ of habeas corpus (Dkt. # 2).  Petitioner raises four (4) grounds of error in his petition as follows:

Ground 1:      Statements introduced in violation of *Miranda*.[1]

Ground 2:      The evidence was insufficient to sustain the conviction.

Ground 3:      The State failed to divulge exculpatory evidence in violation of *Brady*.[2]

Ground 4:      The jury instruction regarding corroboration by accomplice testimony was faulty.

Ground 5:      Defense trial counsel provided ineffective assistance of counsel by failing to subject critical evidence potentially determinative of guilt or innocence to forensic testing, segregate the trial and sentencing phases of the trial, subject the State's evidence and witnesses to meaningful adversarial testing, and other cumulative errors resulting in prejudice to Brown.

Ground 6:      The cumulative effect of the errors in this case deprived Brown of his constitutional right to a fundamentally fair trial.

(Dkt. # 2).  In his brief in support of the petition (Dkt. # 8) filed January 21, 2010, Petitioner offers supporting argument in support of the six claims raised in the habeas petition.  On March 9, 2010, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 12), along with

---

[1]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[2]<u>Brady v. Maryland,</u> 373 U.S. 83 (1963).

a supporting brief (Dkt. # 13).  Respondent states that part of Petitioner's first ground for relief, his claim challenging the admissibility of a post-Miranda statement, was not raised on direct appeal and is unexhausted.  Therefore, Respondent argues that this action must be dismissed because part of Petitioner's first ground has not been presented to the OCCA and Petitioner has an available state court remedy for his unexhausted claim in the form of an application for post-conviction relief.  In response to Respondent's motion to dismiss, Petitioner argues that the issues presented in the petition are fully exhausted and the State's motion to dismiss should be denied.  See Dkt. # 14.

### ANALYSIS

The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also 28 U.S.C. § 2254(a); Rose v. Lundy, 455 U.S. 509 (1982).  To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals.  See Picard v. Conner, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement is based on the doctrine of comity.  Coleman, 501 U.S. at 731.  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

Upon review of the record, the Court finds the motion to dismiss for failure to exhaust available state remedies should be denied and Respondent should be directed to respond or otherwise plead to the claims raised in the petition.  The record confirms that in his direct appeal brief, Petitioner referred to multiple "statements," but specifically challenged only the admissibility

4

of his statement made prior to issuance of the <u>Miranda</u> warning.[3]  <u>See</u> Dkt. # 13, Ex. 1.  However,

in its direct appeal response brief, the State argued that the pre-<u>Miranda</u> statement was properly

admitted and also addressed Petitioner's related claim challenging the sufficiency of the evidence.

<u>See</u> Dkt. # 13, Ex. 2.  As part of that argument, the State discussed Petitioner's post-<u>Miranda</u>

admission that he handed the cocaine to his passenger, Ms. Sanders, when he saw the deputy's lights

prior to the traffic stop.  <u>See</u> <u>id.</u>  In resolving the claim in its direct appeal opinion, the OCCA

addressed the admissibility of both the pre- and post-<u>Miranda</u> statements, and held that "[b]oth

statements were properly admitted in evidence and no plain error occurred."  <u>See</u> Dkt. # 13, Ex. 3.

The Court agrees with Petitioner that the OCCA sua sponte addressed his habeas claim regarding

the admissibility of his post-<u>Miranda</u> statement on the merits in resolving his direct appeal.

Therefore, this Court's consideration of Petitioner's habeas claim is not precluded by the exhaustion

requirement.  <u>Alverson v. Workman</u>, 595 F.3d 1142, 1153 n.3 (10th Cir. 2010) (citing decisions

from other circuits and concluding that "a state appellate court's <u>sua</u> <u>sponte</u> consideration of an issue

not only satisfies § 2254's exhaustion requirement, but, more importantly for our purposes, also

constitutes an adjudication on the merits that is ripe for federal habeas review").  The Court finds

that Petitioner has satisfied the exhaustion requirement for each claim raised in the petition.

Respondent's motion to dismiss for failure to exhaust state remedies shall be denied and

Respondent shall respond or otherwise plead to the claims raised in the petition.

---

[3]According to the parties' briefs filed on direct appeal, Petitioner stated "[t]hat's not hers, that's mine," after baggies of cocaine and marijuana were found on the person of Kimberly Sanders, the passenger in his vehicle. <u>See</u> Dkt. # 13, Exs. 1 and 2.  That statement was made prior to issuance of the <u>Miranda</u> warning.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The Clerk of Court shall **substitute** James Rudek, Warden, as the party respondent in place

of Greg Williams, Warden.

2.      Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 12) is **denied**.

3.      Within thirty (30) days of the entry of this Order, Respondent shall respond to the claims

raised in the petition.  Extensions of time will be granted for good cause only.  See Rule 4,

Rules Governing § 2254 Cases.

4.      Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondents'

response to the petition.


**DATED** this 3rd day of January, 2011.


_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT